# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

July 30, 2009

Kwadene Livingston
Reg. No. 26948-050
FCI Otisville
Federal Correctional Institution
P.O. Box 1000
Otisville, New York  10963

    (*Pro Se Petitioner*)

Charles B. McKenna
R. Joseph Gribko
United States Attorney's Office
970 Broad Street
Newark, New Jersey 07102

    (*Attorneys for Respondent*)

    RE:    Livingston v. United States of America
            Civ. No. 09-546 (WJM)

Dear Counsel:

    This matter comes before the Court on *pro se* Petitioner Kwadene Livingston's motion for post-conviction relief pursuant to 28 U.S.C. § 2255.  There was no oral argument.  For the reasons stated below, the motion is **DISMISSED WITH PREJUDICE** and the relief requested therein is **DENIED**.

**I.     BACKGROUND**

Petitioner Kwadene Livingston was indicted for knowingly possessing firearms and ammunition as a convicted felon under 18 U.S.C. § 992(g)(1), violation of which carries a statutory maximum sentence of 120 months incarceration. Livingston's arrest came after officers executed a search warrant at his apartment. During this search, officers discovered, *inter alia*, two guns, several boxes of ammunition, and fifty-nine vials of cocaine. (Answer ¶ 22.) Livingston challenged the legality of this search; however, his suppression motion was denied. (Answer ¶ 25.)

On November 4, 2005, Livingston pled guilty to the indictment pursuant to written Plea Agreement, which stipulated to an offense level of twenty-five under the United States Sentencing Guidelines. (Answer ¶ 26.) Specifically, the Plea Agreement noted that "[t]he defendant used or possessed the firearms in connection with another felony offense. Therefore Specific Offense Characteristic § 2K2.1(b)(5) applies. This Specific Offense Characteristic results in an increase of 4 levels." (*Id.*) In addition to this stipulation in the Plea Agreement, Livingston stated to the Court that he possessed approximately fifty-nine vials of cocaine at the time of his arrest. (Nov. 4, 2005 Plea Tr. 19:18-23.)

This Court then sentenced Livingston to 110 months incarceration followed by three years supervised release. Livingston timely appealed to the Third Circuit, challenging the imposition of his sentence. The Third Circuit denied Livingston's appeal. *See United States v. Livingston*, 224 Fed. Appx. 188, 190 (3d Cir. 2007). On December 10, 2007 the United States Supreme Court denied Livingston's petition for *certiorari*. *Livingston v. United States*, 128 S. Ct. 815 (2007).

Following the Supreme Court's denial of *certiorari*, Petitioner Livingston filed the instant motion pursuant to 28 U.S.C. § 2255.[1] The Government filed its answer on May 27, 2009.

---

[1] Livingston's motion is signed and dated November 18, 2008. While this motion was not electronically filed by the Clerk's Office until February 6, 2009, Livingston submitted documentation with his motion demonstrating that it was mailed on November 19, 2008. *See* Docket No. 1, Exs. A-C. Accordingly, the Court shall construe Livingston's motion as filed on November 19, 2008, which is within the one-year period of limitation for a Section 2255 petition. *See* 28 U.S.C. § 2255(f)(1).

## II.     DISCUSSION

Under 28 U.S.C. § 2255, a prisoner in custody under a sentence imposed by a federal court may challenge the sentence on the grounds that: 1) the sentence violated the Constitution or laws of the United States; 2) the Court lacked jurisdiction to impose the sentence; 3) the sentence exceeded the statutory maximum; or, 4) the sentence is subject to collateral attack.  *See* 28 U.S.C. § 2255.

In his petition, Kwadene Livingston contends that his sentence should be vacated since: 1) the Court amended the indictment at sentencing "by charging Mr. Livingston, with distributing cocaine without grand jury indictment" and; 2) his counsel was ineffective. (Pet. ¶¶ 14(a), (b).)  In turn, the Government argues that Livingston waived his right to challenge his sentence in the plea agreement. (Answer ¶¶ 39-43.)  Further, the Government contends that even if Livingston had not waived his appellate rights, his petition still fails to state a claim. (Answer ¶¶ 44-51.)

### A.     <u>Waiver of Right to Seek Post-Judgment Relief</u>

The Government first argues that Petitioner Livingston waived his right to appeal his conviction or collaterally attack his sentence.  Specifically, the Government cites to the Plea Agreement, signed by both the Assistant United States Attorney and Petitioner Livingston, which contains the following provision: "Kwadene Livingston knows that he ... voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to ... a motion 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range..." (Answer ¶ 27.)

The Third Circuit has held that appellate waivers, like the instant provision, are valid where the defendant knowingly and voluntarily entered into the agreement, unless enforcement of the waiver results in a miscarriage of justice.  *See Gwinnett v. United States*, 483 F.3d 200, 203 (3d Cir. 2007). In weighing whether a defendant knowingly and voluntarily waived the right to an appeal, the Third Circuit has examined several factors. "[T]he court must address the defendant personally in open court . . . [and] must inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence."  *Gwinnett*, 483 F.3d at 204 (quoting Fed. R. Crim. P. 11(b)(1), (b)(1)(n)).  Further, the court may consider whether language of the written plea agreement is clear.  Additionally, courts may assess whether the defendant admitted to voluntarily and knowingly waiving the right to appeal.  *See Gwinnett*, 483 F.3d at 205 (noting defendant conceded that he waived the right to appeal voluntarily and knowingly).

Examination of the record reveals that Livingston voluntarily and knowingly entered into the plea agreement waiving his right to appeal his sentence. First, Livingston signed a plea agreement containing the waiver provision cited above. Before accepting Livingston's guilty plea, the Court confirmed that he understood and voluntarily entered into the plea agreement, and that he knowingly waived his right to appeal:

"[The Court:]  I see as part of this plea agreement as well you're limiting your right to appeal.  What that means is, every defendant who pleads guilty or is found guilty has the right to appeal the sentence of the Court to a higher court.  And by pleading guilty, pursuant to this plea agreement, you're restricting that right as set forth in this agreement.  Do you understand that?

[Livingston:]  Yes, sir.

[The Court:]  That's a Constitutional right you have.  So do you understand that you're not required to restrict that right, but you've agreed to do that.  Do you understand that?

[Livingston:]  Yes, sir.

[The Court:]  And do you know what that means?

[Livingston:]  Yes.

[The Court:]  All right.  Are you doing it voluntarily and knowingly?

[Livingston:]  Yes."  (Nov. 4, 2005 Plea Tr. 12:20 – 13:11.)

Later in the hearing, the Court again confirmed with Petitioner Livingston that he understood the rights being ceded through the Plea Agreement:

"[The Court:]  Now, by pleading guilty today, if I accept your plea of guilty, you're giving up these Constitutional rights.  Do you understand that?

[Livingston:]  Yes, sir.

[The Court:]  Do you have any question with respect to the rights that you're giving up?

[Livingston:]  No, sir.

[The Court:]  You understand them thoroughly?

[Livingston:]  Yes, sir.

[The Court:] Are you giving them up voluntarily?

[Livingston:] Yes, sir.

[The Court:] No one is forcing or coercing you to give those up?

[Livingston:] No, sir.

[The Court:] By the way, no one forced you or coerced you to sign the plea agreement?

[Livingston:] No, sir.

[The Court:] You did it with full knowledge of what that agreement means, and you did it voluntarily?

[Livingston:] Yes, sir." (Nov. 4, 2005 Plea Tr. 15:24 – 16:17.)[2]

In addition, the Third Circuit has set forth several criteria courts may consider when determining whether enforcement of a defendant's waiver of appeal would be a miscarriage of justice. Specifically, the Third Circuit held courts should review the clarity of the error; gravity of the error; whether the error concerns issues of fact, sentencing guidelines, or statutory maximum; effect of the error on the defendant; effect on the government if the error were corrected; "and the extent to which the defendant acquiesced in the result." *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001) (quoting and endorsing First Circuit's approach in *United States v. Teeter*, 257 F.3d 14, 25-26 (1st Cir. 2001)).

Here, Livingston fails to state why enforcement of the waiver would result in a manifest injustice; however, the Court is mindful that Petitioner Livingston appears *pro se,* and as such, his pleadings are to be construed liberally. Therefore, this Court will

---

[2] Between his guilty plea and sentencing, Livingston sent letters to the Court discussing his guilty plea. At sentencing, the Court once again confirmed on the record that Livingston entered his guilty plea voluntarily:

"[The Court:] All right. Now, again, with respect to some of these letters that you've written post your plea, I'm going to disregard those. And based upon, again, your representation here today that your plea is voluntary and knowing and no one is forcing or threatening or coercing you to plead guilty – is that still true?

[Livingston:] Yes, sir." (Feb. 15, 2006 Tr. 37:23-38:4.)

construe Livingston's ineffectiveness of counsel challenge[3] as an argument why enforcement of the appellate waiver would result in a miscarriage of justice.

    1.    *Ineffectiveness of Counsel*

In order to establish a claim of ineffective counsel, a petitioner must establish two elements. "First, the defendant must show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If the petitioner satisfies the first element, the petitioner must next "show that the deficient performance prejudiced the defense . . . as to deprive the defendant of a fair trial." *Id.* at 687. Prejudice exists at sentencing "where the deficient performance affected a defendant's sentence." *United States v. Hankerson*, 496 F.3d 303, 310-11 (3d Cir. 2007).

Livingston charges that his counsel was ineffective since counsel allegedly failed to explain the appellate waiver in the plea agreement. (Pet'r's. Reply to Government's Rep. 8.) This argument is belied by Livingston's own statements. Livingston acknowledged to the Court that he reviewed the plea agreement with his attorney:

> "[The Court:]  Do you understand by signing this agreement, as I said, you're representing that you agreed and accepted the plea agreement between you and the Government as set forth in the agreement dated October 27th, 2005.  Is that true?
>
> [Livingston:]  Yes, sir.
>
> [The Court:]  And before you signed it, did you have a chance to read it thoroughly and go over it with your attorney?  And did he answer any questions you may have had with respect to what this all means?
>
> [Livingston:]  Yes, sir."  (Nov. 4, 2005 Plea Tr. 10:14-23.)

Further, as discussed, *supra*, Livingston confirmed to the Court that he was both aware of his right to appeal and that the Plea Agreement waived that right. *See* Nov. 4, 2005 Tr. 12:20 - 13:11. As such, even assuming *arguendo* that his counsel's representation was deficient, Livingston cannot demonstrate prejudice, as he emphasized to the Court several times that he understood the terms of the Plea Agreement and entered into it voluntarily. Thus, Livingston cannot demonstrate an error constituting manifest

---

[3] Livingston's other challenge regarding the Court's alleged *sua sponte* amendment of the indictment does not appear to have any bearing on enforcement of the appellate waiver in the Plea Agreement. As such, the Court will consider the "judicial amendment of the indictment" allegation separately.

injustice.

### B.      "Judicial Amendment of the Indictment"

Livingston next contends that the "sentencing court judicial[ly] amend[ed] the indictment at the sentencing stage by charging Mr. Livingston with distributing cocaine without grand jury indictment." (Pet. ¶ 14(a).)  This argument fails because the Court's application of Specific Offense Characteristic § 2K2.1(b)(5) did not constitute a judicial amendment of the indictment; instead, this Guidelines provision was a permissible sentence enhancement, applied by the Court after the parties stipulated to its applicability in the Plea Agreement.[4]

Further, Petitioner Livingston's statements during the plea hearing warranted application of this Guidelines provision.   Indeed, during the guilty plea allocution, Livingston admitted to possessing cocaine when arrested:

> "[Government Counsel:]  At the time of your arrest, were you also in possession of approximately 59 vials of cocaine?
>
> [Livingston:]  Yes.
>
> [Government Counsel:]  Were you aware that you possessed that cocaine?
>
> [Livingston:]  Yes."  (Nov. 4, 2005 Plea Tr. 19:18-23.)

Accordingly, Livingston's claim of error stemming from judicial amendment of the indictment fails.  Further, his allegations regarding counsel's failure to object to the four level sentence enhancement are also meritless.  (Pet'r's. Mem. Supp. Pet. 14.)  Again, application of § 2K2.1(b)(5) was stipulated in the Plea Agreement, signed by Petitioner, and reinforced by Livingston's own statements at the plea hearing.

---

[4] Even with the § 2K2.1(b)(5) four-level enhancement, the sentence imposed by the Court here was still well within the statutory maximum of 120 months under 18 U.S.C. § 922(g)(1).

## III.  CONCLUSION

For the foregoing reasons, Livingston's motion for post conviction relief pursuant to 28 U.S.C. § 2255 is hereby **DISMISSED WITH PREJUDICE** and the relief requested therein is **DENIED**.  An appropriate Order accompanies this Letter Opinion.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**
