UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KWADENE LIVINGSTON**<br><br>    **Petitioner,**<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>    **Respondent.** | 09-CV-546 (WJM)<br><br><br><br>ORDER |

**THIS MATTER** comes before the Court on pro se Petitioner Kwadene Livingston's motion for reconsideration of this Court's July 30, 2009 Order denying relief under 28 U.S.C. § 2255.  As a threshold matter, the Court must address jurisdiction.  Following this Court's denial of his Section 2255 petition, Livingston filed a notice of appeal to the Third Circuit, dated August 6, 2009 (Docket No. 10).  After filing this notice of appeal, several days later, Petitioner Livingston filed the instant motion for reconsideration, dated August 10, 2009 (Docket No. 11).  The filing of a notice of appeal generally divests the trial court of jurisdiction, leaving the trial court without jurisdiction to consider any subsequently filed motions.  *Venen v. Sweet*, 758 F.2d 117 (3d Cir. 1985).  This general rule is subject to exceptions, one of which is present in the instant matter.  The timely filing of a Rule 59(e) motion negates any previously filed notice of appeal, depriving the appeals court of jurisdiction over the case until after disposition of the Rule 59(e) motion.  *See United States v. Rogers Transp. Inc.*, 751 F.2d 635, 636-37 (3d Cir. 1985).  Thus, under these circumstances, this Court may exercise jurisdiction over Petitioner's Rule 59(e) motion.

In considering a Rule 59(e) motion, the Court is mindful that the standard for

reconsideration is high, and reconsideration is to be granted only sparingly. *Maldonado v. Lucca*, 636 F.Supp. 621, 630 (D.N.J.1986)). Petitioner bears the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999).

While reconsideration is not available for a party merely seeking to reargue matters already addressed by the Court, *see G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J.1990), it appears that Petitioner seeks to do just this.  In his papers, Petitioner Livingston rehashes points already rejected by this Court, i.e. that the Guidelines sentence enhancement, described in the plea agreement signed by Petitioner, was applied erroneously.  In addition, Petitioner repeats his argument that his lawyer was ineffective in failing to object to the four-level sentence enhancement.  As such, Petitioner fails to present a proper basis for reconsideration under Rule 59.  For the foregoing reasons, and for good cause shown,

**IT IS** on this 20th day of October 2009, hereby,

**ORDERED** that Petitioner's motion for reconsideration is **DENIED**; and it is

**FURTHER ORDERED** that a certificate of appealability shall not issue since Petitioner has not made a "substantial showing of the deprivation of a constitutional right," as required by 28 U.S.C. § 2253(c)(2).

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**